## Case No. 3,249.

### The CORNWALL.

#### [10 Ben. 108.] ¹

District Court, E. D. New York. Sept. Term, 1878.

##### WHARFAGE—MAKING FAST TO PIER.

The C. was a large steamship, having a regular berth at a pier, which she could enter with safety only at slack water. She arrived at her berth one day at 10 a. m., when the tide did not serve till 1 p. m., and she accordingly made fast at the end of her pier. She was so long that she overlapped the piers on either side, and a line was thrown from her to the pier which was overlapped by her bow, for her better security while waiting the tide: *Held*, that the C. did not "make fast to" such pier within the meaning of the wharfage act of the state of New York, and that the owner of that pier was not entitled to recover against her for wharfage.

[In admiralty. Libel by the mayor, aldermen, and commonalty of the city of New York against the steamship Cornwall.]

---

¹ [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Beebe, Wilcox & Hobbs, for libellant.
Foster & Thomson, for claimant.

BENEDICT, District Judge. This is an action to recover wharfage. The facts are not in dispute. The Cornwall is a large steamship which has a regular berth at the pier at foot of Fletcher street, but which she could enter with safety only at slack water. At the time in question, she arrived at her slip at 10 a. m., but the tide did not serve till 1 p. m. She accordingly waited for the tide and made fast at the end of the pier. When so made fast, her length was such that she overlapped an adjoining pier on either side. To the pier thus overlapped by her stem, which belonged to the libellant, a line was run from the steamship for her better security, while so waiting for the tide. Upon these facts the libellant claims to be entitled to recover wharfage for a day, upon the ground that the steamship made fast to his wharf for part of a day, within the meaning of the statute of the state, which declares that "it shall be lawful to charge and receive from every vessel that uses or makes fast to any pier, or makes fast to any vessel lying at such pier or to any vessel lying outside of such vessel—for every day or part of a day, for a vessel of 200 tons burden and under, 2 cents per ton, etc., etc." [Laws 1872, c. 320, as amended by Laws 1877, c. 315.]

This statute has been interpreted by the highest court of the state (Taylor v. Atlantic Mut. Ins. Co., 37 N. Y. 275) to intend that the rates named are to be paid for the use of the wharf, and also to make the fact of making fast to a wharf or to any other vessel which is itself fastened to such wharf, evidence of a use of the wharf within the meaning of the act. But I do not understand that it has ever been held that proof of making fast to a wharf shall, under all circumstances, be conclusive evidence of a use of the wharf within the meaning of the act. In the moving of vessels, it often becomes necessary to cast a line upon a wharf, when no one can suppose that the wharf has been used within the meaning of the statute, so as to render the vessel liable for wharfage. Evidently, it was intended that there should be some limitation attached to the words "made fast to." It may be difficult to fix with precision the extent of the limitation intended; but I think it can safely be said, that, notwithstanding the fact that this steamship had a line fast to the libellant's pier, the other facts in evidence show that she did not make use of the wharf within the meaning of the act. It may be that for such an obstruction of access to the libellant's wharf as the evidence shows an action can be maintained; but upon the facts proved no liability for wharfage was incurred on the part of the Cornwall. The libel is therefore dismissed with costs.